

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of  
J. Mark Coulson  
U.S. Magistrate Judge

101 West Lombard Street  
Baltimore, Maryland 21201  
MDD_JMCChambers@mdd.uscourts.gov  
Phone: (410) 962-4953  
Fax: (410) 962-2985

July 7, 2016

LETTER TO ALL COUNSEL OF RECORD

Re: *Carrie B. Fetter v. Commissioner, Social Security Administration*
     Civil No. 15-2250-JMC

Dear Counsel:

On July 31, 2015, Plaintiff, Carrie B. Fetter, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1.) I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 16.) I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case for further consideration. This letter explains my rationale.

Ms. Fetter filed her claims on March 11, 2011. (Tr. 366-379.) She initially alleged a disability onset date of September 1, 2007, which she later amended to July 23, 2011. (Tr. 41, 366, 373.) Her claims were denied initially and on reconsideration. (Tr. 219-223, 229-242.) A hearing was held on November 15, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 75-130.) Following the hearing, the ALJ determined that Ms. Fetter was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 194-214.) The Appeals Council ("AC") granted Ms. Fetter's request for review and remanded her claims to the ALJ for additional consideration. (Tr. 215-218.) The ALJ held a second hearing on March 12, 2015, and again found that Ms. Fetter was not disabled during the relevant time frame. (Tr. 7-69.) The Appeals Council denied Ms. Fetter's second request for review (Tr. 1-3), so the ALJ's second hearing decision constitutes the final, reviewable decision of the agency.

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600  
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

**Visit the U.S. District Court's Website at www.mdd.uscourts.gov**

The ALJ found that Ms. Fetter suffered from the severe impairments of migraine headaches, asthma, an affective disorder, reflex sympathetic dystrophy/chronic regional pain syndrome, an anxiety disorder, and attention-deficit/hyperactivity disorder. (Tr. 13.) Despite these impairments, the ALJ determined that Ms. Fetter retained the residual functional capacity ("RFC") to:

> Perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant can lift and carry less than 10 pounds frequently and 10 pounds occasionally. In addition, she can sit six hours in an eight hour day, but she requires the ability to sit for one hour and then stand for two to three minutes. Further, the claimant can stand or walk for two hours in an eight hour day. Moreover, she must be allowed to use a cane to ambulate. Further, the claimant can constantly push or pull at the sedentary strength level. In addition, she can occasionally operate foot controls with her left foot. Moreover, she can occasionally climb stairs or ramps, balance, stoop, kneel, crouch or crawl. Further, the claimant is never to be required to climb ladders, ropes or scaffolds. In addition, she is limited to positions that require no more than an ability to understand, remember and carryout short, simple instructions. Finally, the claimant is limited to no more than occasional interaction with supervisors, co-workers, and the public.

(Tr. 16.) After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Fetter could perform jobs existing in significant numbers in the national economy, and that she was thus not disabled. (Tr. 24.)

On appeal, Ms. Fetter raises five arguments: (1) that the ALJ improperly evaluated her activities of daily living; (2) that the ALJ did not adequately consider the effects of Ms. Fetter's migraine headaches and complex regional pain syndrome/reflex sympathetic dystrophy in assessing her RFC; (3) that the ALJ erred in evaluating the opinions of her treating physicians; (4) that the ALJ erred in evaluating her credibility; and (5) that the ALJ posed an improper question to the VE due to his errors at earlier stages of the sequential evaluation. Because I agree that the ALJ's consideration of Ms. Fetter's migraine headaches was insufficient in several respects, remand is appropriate.

As a preliminary matter, with regard to his assessment of Ms. Fetter's credibility, the Court notes that the ALJ stated that Ms. Fetter's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity." (Tr. 18.) As the Fourth Circuit explained in *Mascio v. Colvin*, 780 F.3d 632, 639-40 (4th Cir. 2015), this boilerplate language suggests that, contrary to social security regulations, the ALJ first determined Ms. Fetter's RFC and then used it to evaluate the credibility of her subjective statements about her pain. Yet the ALJ's use of this improper boilerplate language does not automatically require remand. *Id.* at 639. Instead, I must look to whether the ALJ offered a rationale for why he found Ms. Fetter's specific complaints credible (as opposed to whether he found her credible in a general sense), which would render his use of the boilerplate harmless error. *Id.*

Turning to Ms. Fetter's assertions as to the severity and frequency of her migraines in particular, I cannot conclude that the ALJ offered any such rationale. Ms. Fetter testified that she experiences migraines as many as ten times per month, and that while many of her migraines are alleviated by injections, at least twice per month she experiences migraines for which she seeks treatment at a hospital. In determining that Ms. Fetter's complaints were not credible, the ALJ discussed Ms. Fetter's activities of daily living and the medical evidence of record, noting generally that both were inconsistent with her allegations. The ALJ did not, however, specify which activities of daily living were inconsistent with her allegation that she spends at least two days per month in the hospital due to her migraines, and the only medical evidence he pointed to was the fact that objective medical scans have revealed no acute abnormality in her brain. However, it is unclear how the absence of an acute abnormality in her brain undermines her complaints, as the medical scans likely rule out certain causes of her headaches, but do not necessarily diminish their severity.

Additionally, while the ALJ assessed at both step 3 and in his RFC assessment whether Ms. Fetter's mental impairments impacted her concentration, persistence, or pace, it does not appear that the ALJ considered whether Ms. Fetter's migraine headaches might also cause her to be off task for portions of the workday. In particular, the ALJ summarized the treatment notes of her neurologist, Dr. Dave, as regularly documenting normal concentration and insight. And although the ALJ's account of Dr. Dave's treatment notes regarding Ms. Fetter's neurological findings was largely accurate, those notes are in sharp contrast with a treatment note from an appointment where Ms. Fetter was experiencing an active migraine headache. At that appointment, Dr. Dave noted that Ms. Fetter was "in lot [sic] of distress, discomfort, or pain due to headache." (Tr. 942.) The ALJ thus, in addition to failing to identify evidence undermining Ms. Fetter's complaints concerning the intensity, persistence, and limiting effects of her migraine headaches, also failed to address evidence which tended to corroborate those complaints.

Finally, there is no indication from the ALJ's opinion that any limitations in his RFC assessment were designed to prevent migraine headaches or eliminate triggers, nor is there any indication that the ALJ accounted for absenteeism or decreased productivity as a result of migraine headaches. Notably, the VE testified there are no jobs available in the national economy for someone with the limitations set forth in the ALJ's RFC assessment who would also miss two days of work per month and would be off task 15% of the time. These additional limitations appear to be consistent with Ms. Fetter's testimony concerning the effects of her migraine headaches. But ultimately, the ALJ did not include these limitations in his RFC assessment. I am thus unable to find that the ALJ's failure to explain why he discredited Ms. Fetter's complaints was harmless. Instead, I must conclude that the ALJ failed to provide substantial evidence in support of his determination that Ms. Fetter is not disabled, and remand is appropriate.

For the reasons set forth herein, Ms. Fetter's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to

sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                                       Sincerely yours

                                       /s/

                                       J. Mark Coulson
                                       United States Magistrate Judge